Shawn G. Hansen (SBN 197033)
shansen@nixonpeabody.com
NIXON PEABODY LLP
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013-1010
Telephone: (213) 629-6190
Facsimile: (855) 780-9262

*Attorneys for Plaintiff*
DIGITAL AIR TECHNOLOGIES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **DIGITAL AIR TECHNOLOGIES, LLC**, <br><br> Plaintiff, <br><br> vs. <br><br> **VOLKSWAGEN GROUP OF AMERICA, INC.**, <br><br> Defendant. | Case No. 2:14-CV-05525 <br><br> **COMPLAINT FOR WILLFUL PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Digital Air Technologies, LLC alleges as follows for its Complaint for Willful Patent Infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, against Defendant Volkswagen Group of America, Inc.:

**THE PARTIES**

1.      Plaintiff Digital Air Technologies, LLC ("Digital Air") is a limited liability company organized and existing under the laws of the State of California with an address of 511 Avenue of the Americas, #36, New York, New York 10011.

2.      Defendant Volkswagen Group of America, Inc. ("VW") is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 2200 Ferdinand Porsche Drive, Herndon, Virginia

20171.

3. On information and belief, VW has been registered to do business in the State of California for almost 60 years and has continuously and systematically transacted business in the State of California related to, among other things, the design, testing, marketing, distribution, sales, and service of automobiles. According to the VW web site, VW operates multiple facilities in the Central District of California including, without limitation, Western Region offices in Woodland Hills, a Design Center in Santa Monica, a Technical Center in Oxnard, and a Parts Distribution Center in Ontario. *See:* http://www.volkswagengroupamerica.com/locations.html.

4. On information and belief, VW also uses the alternate name Volkswagen of America, Inc. Accordingly, "VW" as used herein refers to the entity known as both Volkswagen Group of America, Inc. and Volkswagen of America, Inc.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over VW because it has multiple regular and established places of business in the Central District of California and regularly, continuously, and systematically conducts business in the Central District of California, thus purposefully availing itself of the privileges of conducting business in the Central District of California. VW's contacts with the Central District of California include, without limitation, operating the facilities noted above and employing residents of the Central District of California therein; soliciting customers through one or more Internet web sites, television, radio, and print advertisements directed at residents of the Central District of California;

designing, testing, marketing, distributing, and selling vehicles and vehicle parts in the Central District of California; and providing warranty services in the Central District of California. This Court also has personal jurisdiction over VW with respect to the specific subject matter of this action because VW has directly and indirectly performed acts of infringement of the Patents-in-Suit in the Central District of California.

8. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## PATENTS-IN-SUIT

9. Unites States Patent Number 6,154,251 (" '251 patent") is titled "System for Producing Time-Independent Virtual Camera Movement in Motion Pictures and Other Media" and was duly and validly issued by the United States Patent and Trademark Office on November 28, 2000. A true and correct copy of the '251 patent is attached to and incorporated herein as Exhibit A.

10. Unites States Patent Number 6,331,871 (" '871 patent") is titled "System for Producing Time-Independent Virtual Camera Movement in Motion Pictures and Other Media" and was duly and validly issued by the United States Patent and Trademark Office on December 18, 2001. A true and correct copy of the '871 patent is attached to and incorporated herein as Exhibit B.

11. Unites States Patent Number 6,933,966 (" '966 patent") is titled "System for Producing Time-Independent Virtual Camera Movement in Motion Pictures and Other Media" and was duly and validly issued by the United States Patent and Trademark Office on August 23, 2005. A true and correct copy of the '966 patent is attached to and incorporated herein as Exhibit C. The '251, '871, and '966 patents are referred to collectively herein as the "Patents-in-Suit".

12. The Patents-in-Suit each name Dayton V. Taylor as the sole inventor.

13. The Patents-in-Suit are entitled to an effective filing date of December 21, 1994, as a series of continuations of Mr. Taylor's United States Patent

Application Serial Number 08/362,653, now United States Patent Number 5,659,323.

14.  Digital Air is the owner of all right, title, and interest in and to the Patents-in-Suit by assignment from Digital Air, Inc., of which Digital Air is a wholly-owned subsidiary.  This assignment was recorded in the United States Patent and Trademark Office on July 2, 2014 at reel/frame 033235/0647.  Digital Air, Inc. received all right, title, and interest in and to the Patents-in-Suit by an assignment from the sole inventor, Mr. Taylor, that was recorded in the United States Patent and Trademark Office on April 17, 1995 at reel/frame 007444/0059.

## DIGITAL AIR'S PATENTED TECHNOLOGY

15.  The Patents-in-Suit relate to Mr. Taylor's pioneering and highly acclaimed inventions related to producing virtual camera motion in a motion picture medium.  The patented inventions produce motion pictures that convey the illusion of a single camera moving around a scene in which time is frozen.

16.  Mr. Taylor invented the patented technology no later than April 3, 1994 and, as noted above, filed the application for the parent of the Patents-in-Suit later that same year.  Mr. Taylor founded Digital Air, Inc. in 1995 to commercialize the inventions and since then has practiced them in connection with providing industry leading visual effects services.  Examples of Digital Air, Inc.'s work are available on its website at http://www.digitalair.com/work.html, which is marked with the numbers of the Patents-in-Suit in accordance with 35 U.S.C. § 287.

17.  Digital Air's patented inventions have enjoyed great commercial success and have been honored with extensive recognition in the cinematography community.

18.  For example, Digital Air, Inc. has practiced the patented technology to create effects for hundreds of commercial productions around the world, including works for many of the world's most recognizable brands.

19.  As another example, Mr. Taylor's first Timetrack™ camera reflecting

an embodiment of the Patents-in-Suit was accepted in the permanent collection of the Smithsonian National Museum of American History in Washington, D.C.

20. And as a further example, the Royal Photographic Society in London honored Mr. Taylor with the 2007 Saxby Award for achievement in the field of three-dimensional imaging. The Royal Photographic Society press release announcing this award stated:

> Dayton could be called the new Muybridge, as he is one of the leading inventors of camera array based image capture and processing technology. Dayton's technology has to be the most perfect use of still photography in the cinematography arena.

## VW'S WILLFUL INFRINGEMENT

21. VW has willfully infringed the Patents-in-Suit in connection with making and using motion pictures in its web campaign regarding its 2013 Beetle Coupe and 2013 Beetle Convertible vehicles ("2013 Beetle web campaign"). Some VW documents refer to the campaign as "vw.com: 2013 Beetle Site Experience" and to the incorporated infringing motion pictures as "Freeze Frame 360". After Digital Air, Inc. gave notice of infringement of the Patents-in-Suit to VW, VW and/or its agents made and/or instructed others to make the infringing motion pictures by actions that directly infringe the Patents-in-Suit. The infringing motion pictures are the featured element of the 2013 Beetle web campaign and were used by VW until at least approximately April or May 2014 on the vw.com web site at http://web.vw.com/coupe/beetle/ and http://web.vw.com/convertible/beetle/.

22. On information and belief, VW and/or its agent(s) met each limitation of one or more of the claims of the '251 and '966 patents in connection with making the 2013 Beetle web campaign.

23. To the extent that one or more limitation(s) of methods claimed in the '251 and '966 patents was not met by VW and/or its agent(s), VW and/or its agent(s) met at least one limitation and controlled or directed others to meet the

1 remaining limitations.

2    24. In addition to VW, others involved in meeting the limitations of the Patents-in-Suit include Deutsch LA, Inc., Untitled, Inc., and Reel EFX, Inc.

25. The 2013 Beetle web campaign is a product made by processes claimed in the '251 and '966 patents, which VW used within the United States during the term of the '251 and '966 patents.

26. The 2013 Beetle web campaign, including specifically the so-called Freeze Frame 360 motion pictures, comprises motion pictures as claimed in the '871 patent.

27. Accordingly, VW has directly infringed the Patents-in-Suit under 35 U.S.C. §§ 271(a) and/or 271(g) by making and/or using the 2013 Beetle web campaign.

28. Constructive notice of the Patents-in-Suit was given by marking the Digital Air, Inc. web site, media containing motion pictures, and quotations and invoices with the numbers of the Patents-in-Suit in accordance with 35 U.S.C. § 287. Actual notice of the Patents-in-Suit was given to VW and/or its agents in connection with Digital Air, Inc.'s submission in September 2012 of at least two quotations to provide services for the production of the 2013 Beetle web campaign.

29. After Digital Air, Inc. was informed that it had not been selected to provide services for the production of the 2013 Beetle web campaign, actual notice of infringement of the Patents-in-Suit was given to VW before the 2013 Beetle web campaign was made and used in a letter dated October 3, 2012 addressed to VW's Chief Product and Marketing Officer, Tim Mahoney, and its General Manager, Brand Marketing, Brian Thomas.

30. VW has indirectly infringed each of the Patents-in-Suit by inducement under 35 U.S.C. § 271(b) by instructing and encouraging Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc.to directly infringe the Patents-in-Suit after VW was on notice of infringement of the Patents-in-Suit. As a result of VW's

inducement, Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. directly infringed each of the Patents-in-Suit in connection with making the 2013 Beetle web campaign. On information and belief, VW specifically intended to encourage direct infringement by Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc.

31. VW was on notice of infringement of the Patents-in-Suit before the infringement began and failed to provide any reason why making and using the 2013 Beetle web campaign would not infringe Digital Air's valid patent claims.

32. VW acted with reckless disregard of the Patents-in-Suit by proceeding to make and use the 2013 Beetle web campaign after it was on notice of infringement. VW knew or should have known that there was an objectively high likelihood that making and using the 2013 Beetle web campaign would infringe Digital Air's valid Patents-in-Suit.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,154,251)

33. Digital Air repeats and realleges the allegations of the foregoing Paragraphs 1 through 32 as if fully set forth herein.

34. VW directly infringed at least claim 5 of the '251 patent under 35 U.S.C. §§ 271(a) and 271(g), literally and/or under the doctrine of equivalents, by making and using the 2013 Beetle web campaign.

35. VW indirectly infringed at least claim 5 of the '251 patent by inducement under 35 U.S.C. § 271(b) by instructing and encouraging Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. to directly infringe the '251 patent, literally and/or under the doctrine of equivalents. VW did so with knowledge of the Patents-in-Suit and specific intent to encourage Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. to directly infringe, literally and/or under the doctrine of equivalents. Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. directly infringed the '251 patent, literally and/or under the doctrine of equivalents, in connection with making the 2013 Beetle web campaign.

COMPLAINT FOR WILLFUL PATENT INFRINGEMENT

36. VW's infringement was willful.

37. Digital Air has been damaged, in an amount to be determined, as a direct and proximate result of VW's infringement of the '251 patent.

## SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 6,331,871)**

38. Digital Air repeats and realleges the allegations of the foregoing Paragraphs 1 through 37 as if fully set forth herein.

39. VW directly infringed at least claim 8 of the '871 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making and using the 2013 Beetle web campaign.

40. VW indirectly infringed at least claim 8 of the '871 patent by inducement under 35 U.S.C. § 271(b) by instructing and encouraging Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. to directly infringe the '871 patent, literally and/or under the doctrine of equivalents. VW did so with knowledge of the Patents-in-Suit and specific intent to encourage Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. to directly infringe, literally and/or under the doctrine of equivalents. Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. directly infringed the '871 patent, literally and/or under the doctrine of equivalents, in connection with making the 2013 Beetle web campaign.

41. VW's infringement was willful.

42. Digital Air has been damaged, in an amount to be determined, as a direct and proximate result of VW's infringement of the '871 patent.

## THIRD CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 6,933,966)**

43. Digital Air repeats and realleges the allegations of the foregoing Paragraphs 1 through 42 as if fully set forth herein.

44. VW directly infringed at least claim 16 of the '966 patent under 35 U.S.C. §§ 271(a) and 271(g), literally and/or under the doctrine of equivalents, by

making and using the 2013 Beetle web campaign.

45. VW indirectly infringed at least claim 16 of the '966 patent by inducement under 35 U.S.C. § 271(b) by instructing and encouraging Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. to directly infringe the '966 patent, literally and/or under the doctrine of equivalents. VW did so with knowledge of the Patents-in-Suit and specific intent to encourage Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. to directly infringe, literally and/or under the doctrine of equivalents. Deutsch LA, Inc., Untitled, Inc., and/or Reel EFX, Inc. directly infringed the '966 patent, literally and/or under the doctrine of equivalents, in connection with making the 2013 Beetle web campaign.

46. VW's infringement was willful.

47. Digital Air has been damaged, in an amount to be determined, as a direct and proximate result of VW's infringement of the '966 patent.

## PRAYER FOR RELIEF

WHEREFORE, Digital Air respectfully requests the Court to enter judgment in favor of Digital Air and against VW as to all claims asserted herein as follows:

A. Granting a judgment that VW has directly infringed the Patents-in-Suit in violation of 35 U.S.C. §§ 271(a) and 271(g);

B. Granting a judgment that VW has indirectly infringed the Patents-in-Suit by inducement in violation of 35 U.S.C. § 271(b);

C. Ordering VW to pay to Digital Air damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the patented inventions by VW, together with pre-judgment and post-judgment interest and costs as fixed by the Court, in accordance with 35 U.S.C. § 284;

D. Granting a judgment that VW's infringement was willful and ordering VW to pay to Digital Air increased damages of three times the compensatory damages, in accordance with 35 U.S.C. § 284;

1   E.   Granting a judgment that this case is excepfrional under 35 U.S.C. §285 and ordering VW to pay to Digital Air reasonable attorney fees; and

F.   Granting Digital Air such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Digital Air demands a trial by jury on all issues so triable.

Dated: July 16, 2014            NIXON PEABODY LLP

By:  /s/ Shawn G. Hansen
Shawn G. Hansen (SBN 197033)
shansen@nixonpeabody.com
NIXON PEABODY LLP
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013-1010
Telephone: (213) 629-6190
Facsimile: (855) 780-9262

*Attorneys for Plaintiff*
DIGITAL AIR TECHNOLOGIES, LLC